**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13686

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

PATRICK HUGH MITCHELL,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00176-CEM-LHP-2

_____

Before JILL PRYOR, BRASHER, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Patrick Hugh Mitchell appeals his conviction for distribution or possession with intent to distribute 50 grams or more of methamphetamine. Mitchell argues that there was

insufficient evidence to show that he knowingly possessed meth-amphetamine with intent to distribute, and that the district court abused its discretion in admitting hearsay statements that Baron-ville, the co-defendant, made in a video that was published to the jury. Having reviewed the record and read the parties' briefs, we affirm Mitchell's conviction.

## I.

We review the sufficiency of the evidence to support a con-viction *de novo*, viewing the evidence in the light most favorable to and drawing all reasonable inferences and credibility choices in fa-vor of the jury's verdict. *United States v. Ifediba*, 46 F.4th 1225, 1242 (11th Cir. 2022). "We will not overturn a jury's verdict if there is any reasonable construction of the evidence that would have al-lowed the jury to find the defendant guilty beyond a reasonable doubt." *United States v. Clay*, 832 F.3d 1259, 1294 (11th Cir. 2016) (quoting *United States v. Martin*, 803 F.3d 581, 587 (11th Cir. 2015)). In other words, we "will reverse a conviction based on insufficient evidence only if no reasonable trier of fact could have found" the defendant guilty beyond a reasonable doubt. *United States v. Wil-liams*, 865 F.3d 1328, 1337 (11th Cir. 2017).

We review a district court's evidentiary ruling for an abuse of discretion. *United States v. Graham*, 123 F.4th 1197, 1248 (11th Cir. 2024). An abuse of discretion occurs when the district court makes a clear error of judgment or applies the wrong legal stand-ard. *Id.*

## II.

Mitchell contends that there was insufficient evidence that he knew he was aiding and abetting Baronville in the distribution of a controlled substance. Mitchell claims that the only evidence was his presence in proximity to the drugs, which is insufficient for a conviction. Mitchell also asserts that he was not involved in the discussion of the drug deal with Saleem, the confidential source ("CS"); he had no other interaction with the CS and Baronville about the transaction; he had no other involvement in the drug trade; and he had no interaction with the CS prior to the controlled buy. The government responds that the evidence was sufficient for the jury to convict Mitchell because the evidence showed that he exchanged a bag with the CS and a bag with Baronville; that his statements established his knowledge that drugs were in the bag; and the jury could have reasonably inferred that Mitchell knew that drugs were in the bag. The government also contends that the location of the drug deal, at Mitchell's place of business, and the quantity of 892.5 grams of pure methamphetamine, supports the jury's verdict.

"The test for sufficiency of the evidence is identical regardless of whether the evidence is direct or circumstantial." *United States v. Beach*, 80 F.4th 1245, 1256 (11th Cir. 2023). But where the government relies on circumstantial evidence, "reasonable inferences" are necessary to support "that a reasonable factfinder could conclude that the evidence establishes guilt beyond a reasonable doubt." *Id.* (citation modified). In evaluating the sufficiency of the evidence "a reviewing court must consider all of the evidence admitted by the trial court, regardless of whether that evidence was

admitted erroneously." *McDaniel v. Brown*, 558 U.S. 120, 131, 130 S. Ct. 665, 672 (2010) (citation modified).

To support a conviction under § 841(a)(1) for distribution of or possession with intent to distribute a controlled substance, the government must show that the defendant knowingly or intentionally distributed a controlled substance, or knowingly possessed a controlled substance with intent to distribute it. 21 U.S.C. § 841(a)(1). Whoever aids or abets the commission of a federal crime is punishable as a principal. 18 U.S.C. § 2. "[T]o convict under a theory of aiding and abetting, the government must prove that (1) someone committed the substantive offense; (2) the defendant contributed to and furthered the offense; and (3) the defendant intended to aid in its commission." *United States v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015). Mere presence is insufficient when the government charges the defendant under an aiding and abetting theory; the defendant must commit an act in furtherance of the criminal venture. *United States v. Diaz-Boyzo*, 432 F.3d 1264, 1269-70 (11th Cir. 2005) (citations omitted).

We conclude from the record that there was sufficient evidence to support Mitchell's conviction. The evidence showed that the CS had multiple drug suppliers and acted as a "middleman" in numerous drug transactions. Contrary to Mitchell's assertion, the evidence showed more than Mitchell's presence near the drugs; it showed that the CS had arranged for a drug purchase, and the CS had indicated that he was meeting his supplier at the gas station. The video evidence established that when the CS and Baronville

arrived at the gas station, the CS confirmed that the supplier was there; Mitchell asked the CS if he wanted to see "it"; exchanged the drugs for cash with Baronville; was present when the CS inspected the bag; and told the CS that he did not "play games" and anything he deals with is the real stuff. Based on a reasonable construction of this evidence, a jury found that Mitchell was guilty of the knowing distribution of methamphetamine. In sum, the evidence was sufficient to support the jury's verdict, and we affirm as to this issue.

## III.

Mitchell contends that the district court erred in admitting Baronville's statements as non-hearsay statements by a co-conspirator because there was insufficient evidence of a conspiracy between Mitchell and Baronville. Mitchell does not specify which statements constituted hearsay. Under the Federal Rules of Evidence, hearsay is an out-of-court statement offered into evidence "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Generally, hearsay is not admissible. Fed. R. Evid. 802. However, a co-conspirator's out-of-court statement made during and in furtherance of the conspiracy is not hearsay and, thus, can be offered for the truth of the matter asserted. Fed. R. Evid. 801(d)(2)(E).

For a co-conspirator's statement to be admitted, the government must prove by a preponderance of the evidence that: (1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement was offered; and (3) the

declarant made the statement during and in furtherance of the conspiracy. *Graham*, 123 F.4th at 1249. The preponderance of the evidence standard "requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Watkins*, 10 F.4th 1179, 1184 (11th Cir. 2021) (citation modified). When determining whether these conditions have been satisfied, the district court may rely on information provided by the co-conspirator's statement, as well as any other evidence. *See United States v. Wenxia Man*, 891 F.3d 1253, 1271 (11th Cir. 2018). The existence of a conspiracy may be proved by circumstantial evidence alone. *United States v. Iriele*, 977 F.3d 1155, 1172 (11 Cir. 2020). The defendant need not be charged with the conspiracy for a co-conspirator's statement to be admissible against him. *See United States v. Bowe*, 221 F.3d 1183, 1193 (11th Cir. 2000).

We apply "a liberal standard in determining whether a statement was in furtherance of a conspiracy." *Wenxia Man*, 891 F.3d at 1271 (citation modified). "The statement need not be necessary to the conspiracy, but must only further the interests of the conspiracy in some way." *Id.* (citation modified). "Whether a statement was made in furtherance of a conspiracy is a factual issue decided by the district court." *Id.* The improper admission of a co-conspirator's hearsay statement is harmless when it had no substantial influence on the outcome and sufficient evidence supports the jury's verdict. *United States v. Christopher*, 923 F.2d 1545, 1552 (11th Cir. 1991).

We conclude that, based on the record, the district court did not abuse its discretion in admitting Baronville's statements under the co-conspirator hearsay exception. The weight of the drugs sold to the CS and Baronville's status as a facilitator of drug transactions establish a relationship beyond that of a buyer-seller relationship. The district court reasonably determined from the video that Baronville was at the gas station with his supplier, and Baronville's statements on the video of the transaction furthered the conspiracy because the CS and Baronville discussed the price of the drugs and Baronville confirmed the quality of the drugs, vouching for his supplier. The district court did not clearly err in judgment or apply an incorrect legal standard in determining that Baronville's statements were admissible under the co-conspirator exception to the hearsay rule.

Even if the district court abused its discretion in this regard, we find that any error was harmless given the remaining evidence. Without Baronville's statements, the jury heard testimony from the CS regarding his interaction with Mitchell and the discussion of drug quality he had with Mitchell.

Accordingly, based on the aforementioned reasons, we affirm Mitchell's conviction for distribution or possession with intent to distribute 50 grams or more of methamphetamine.

**AFFIRMED.**